Filed 12/8/25  P. v. Smith CA2/8
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B331802 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA065744) |
| v. | |
| KENNETH EDWARD SMITH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Tony Cho, Judge.  Affirmed and remanded with directions.

Jonathan E. Demson and Jennifer L. Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

**INTRODUCTION**

Appellant Kenneth Edward Smith pled no contest to one count of attempted murder, and he admitted that he personally used a firearm during the commission of the offense and committed the offense for the benefit of a gang. Smith later filed a resentencing petition under Penal Code section 1172.6.[1] The People opposed the petition, arguing the preliminary hearing and plea hearing transcripts established that Smith was the actual shooter and, as a result, was ineligible for resentencing as a matter of law. The trial court denied Smith's petition at the prima facie stage. We reversed that order in our original opinion, concluding the record did not conclusively establish that Smith was ineligible for resentencing relief and that the trial court erred in relying on the preliminary hearing transcript to deny Smith's petition.

The California Supreme Court granted the People's petition for review. After deciding *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), the Supreme Court remanded the case to us with directions to vacate our prior decision and to reconsider Smith's appeal in light of *Patton*. In *Patton*, the Supreme Court held that a trial court may properly rely on uncontroverted evidence in a preliminary hearing transcript to refute conclusory allegations in determining whether a petitioner has made a prima facie showing of eligibility for resentencing under section 1172.6. (*Patton*, at p. 564.)

Both parties filed supplemental briefs addressing *Patton*. Smith does not argue that he made a prima facie showing of eligibility for resentencing under *Patton*. Instead, he requests only that we remand the case to the superior court with

---

[1]     All undesignated statutory references are to the Penal Code.

2

directions to consider an amended petition, should he file one within 30 days after the case is remanded. The People do not oppose Smith's request. Having considered *Patton*, we now affirm the court's order denying Smith's resentencing petition but remand the matter to allow Smith the opportunity to file an amended petition.

## BACKGROUND

### 1.     The preliminary hearing

The court conducted a preliminary hearing in early June 2007. One of the responding officers, a gang expert, and the victim named in the first count of attempted murder testified at the hearing.

One evening, Davione McDowell was standing outside an apartment near a group of men. While McDowell was on the phone, he heard a series of gunshots. As McDowell ran away, he felt bullets fly past his head. McDowell did not see who fired the shots.

Los Angeles Sheriff's deputy Alfonso Bertieri and his partner were on patrol when they heard the gunshots. Although it was dark out, they saw two men, one of whom was Smith, standing outside a parked SUV. A third man was in the SUV's driver seat. Deputy Bertieri initially believed both men standing outside the SUV were firing guns. He later realized that Smith was the only person firing a gun, while the other man directed Smith where to shoot.

When Smith saw Deputy Bertieri's squad car, he and his cohort got into the SUV. The officers followed the SUV for several miles, as Smith fired at them from the rear passenger seat. When the SUV finally stopped, the driver fled on foot while Smith and the other cohort remained inside the car. The driver was later apprehended with a gun. Neither Smith nor the other

man inside the car had a gun when they were apprehended, and no gun was found inside the vehicle.

A gang expert testified that Smith and his cohorts were members of the 8-Trey Gangster Crips gang. McDowell was a member of the Underground Crips gang. According to the gang expert, the 8-Trey Gangster Crips and the Underground Crips are rivals.

## 2. The information and plea

The People filed an information charging Smith and his two cohorts with, among other crimes, seven counts of attempted willful, deliberate, and premeditated murder. (§§ 664, 187.) As to the seven counts of attempted murder, the People alleged that Smith: (1) committed the crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)); (2) "personally used a firearm, a handgun, within the meaning of Penal Code section 12022.53(b)"; and (3) "personally and intentionally discharged a firearm, a handgun, within the meaning of Penal Code section 12022.53(c)."

In November 2008, Smith pled no contest to attempted murder in count 1. Smith also admitted that he personally used a firearm under section 12022.53, subdivision (b), and that he committed the crime for the benefit of a criminal street gang. When the court took Smith's admission to the firearm enhancement, however, it stated that the section 12022.53, subdivision (b) enhancement alleged that Smith "personally used *and discharged* a firearm during the commission of the offense," even though the information alleged only that Smith personally used a firearm under section 12022.53, subdivision (b). (Emphasis added.) Defense counsel stipulated to a factual basis based on the police reports, preliminary hearing transcript, and the probation officer's report. The court sentenced Smith to 29 years in state prison.

4

### 3.    The resentencing petition

In March 2023, Smith filed a form resentencing petition under section 1172.6.  The court appointed counsel to represent him.

The People opposed Smith's petition.  The People argued that Smith was ineligible for resentencing because his plea and the evidence presented at the preliminary hearing established that he was the actual shooter and acted with the intent to kill.  The People attached to their opposition, among other things, copies of the preliminary hearing and plea hearing transcripts and a copy of the minute order from the plea hearing.

In June 2023, the court held a hearing on Smith's petition.  The court denied the petition, finding that, "based on . . . the arguments [] put forth in [the People's] opposition," Smith was ineligible for resentencing.

Smith appeals.

## DISCUSSION

The Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) to eliminate murder liability under the natural and probable consequences doctrine and to limit application of the felony murder rule.  (*People v. Curiel* (2023) 15 Cal.5th 433, 448–449 (*Curiel*).)  Now, except in cases of felony murder, a principal must act with malice aforethought to be convicted of murder, and malice "shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)

In addition to changing the law of murder prospectively, Senate Bill 1437 allowed defendants convicted of murder under a now-invalid theory to petition for resentencing under section 1172.6.  (*Curiel, supra*, 15 Cal.5th at p. 449.)  The Legislature later enacted Senate Bill No. 775 (2021–2022 Reg. Sess.), which clarified that defendants convicted of attempted

5

murder or voluntary manslaughter under a now-invalid theory are entitled to the same postconviction relief. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 335.)

Under section 1172.6, a defendant convicted of, among other crimes, attempted murder may petition the sentencing court to have his conviction vacated and to be resentenced on any remaining counts. (*People v. Strong* (2022) 13 Cal.5th 698, 707–708.) The defendant must allege: (1) the information allowed the prosecution to proceed under a theory of murder or attempted murder in which malice is imputed to the defendant based solely on his participation in a crime under the natural and probable consequences doctrine; (2) the defendant was convicted following a trial or accepted a plea in lieu of trial at which he could have been convicted of murder or attempted murder; and (3) the defendant could not now be convicted of murder or attempted murder because of changes to the law made by Senate Bill 1437. (§ 1172.6, subd. (a).)

If the defendant files a facially sufficient petition requesting appointment of counsel, the trial court must appoint counsel and hold a hearing to determine whether the petitioner has made a prima facie showing of eligibility for relief. (§ 1172.6, subds. (b)(3) & (c).) If the defendant makes a prima facie showing, the court must hold an evidentiary hearing. (§ 1172.6, subd. (d).)

The court's analysis at section 1172.6's prima facie stage is designed "to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court may consider the record of conviction and the allegations in the defendant's petition. (*Ibid.*) When a conviction results from a plea, the record of conviction includes the preliminary hearing transcript and plea colloquy. (*Patton*, *supra*, 17 Cal.5th at pp. 563–569.) The court may not engage in

factfinding involving the weighing of evidence or the exercise of discretion, and the court should not " 'reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

We independently review whether the court properly denied a resentencing petition at section 1172.6's prima facie stage. (*Estrada*, *supra*, 101 Cal.App.5th at p. 337.)

In *Patton*, the Supreme Court held that a trial court may refer to the record of conviction, including the preliminary hearing transcript, to refute conclusory allegations in a resentencing petition. (*Patton*, *supra*, 17 Cal.5th at pp. 564–568.) Thus, a petitioner who offers only conclusory allegations in a case where the "record of conviction [] demonstrates the petitioner's conviction was under a still-valid theory[] has not . . . made a prima facie showing." (*Id*. at p. 565.) As the Supreme Court explained, accepting undisputed facts from the record of conviction over contrary conclusory allegations "is not ' "factfinding involving the weighing of evidence or the exercise of discretion." ' " (*Id*. at pp. 565–566.)

The record of conviction in this case includes the information, preliminary hearing transcript, and the plea colloquy. Although count 1 of the information charged Smith and his two cohorts with attempted murder, the officer who witnessed the shooting testified at the preliminary hearing that Smith was the only shooter. And while that officer initially believed that both Smith and one of his cohorts were firing shots at the victim, that officer later realized that Smith was the only shooter. No other witnesses testified that anyone other than Smith fired shots. Thus, the preliminary hearing transcript shows that the People prosecuted Smith as the sole shooter and direct perpetrator of the attempted murder to which he pled no contest. (*Patton, supra*, 17 Cal.5th at pp. 563, 569; see also *People v.*

7

*Fisher* (2023) 95 Cal.App.5th 1022, 1029 [the natural and probable consequences doctrine does not apply to direct perpetrators].)  In addition, Smith's admission that he personally used a firearm during the commission of the attempted murder "tended to corroborate" the trial court's conclusion that Smith was not convicted under a now-invalid theory of attempted murder.  (See *Patton*, at p. 563.)  In sum, the record of conviction refutes Smith's conclusory allegations that he is eligible for resentencing under section 1172.6.

In his supplemental brief, Smith requests an order remanding the case to the trial court with directions to consider an amended petition, should he file one within 30 days of remand.  (See *Patton*, *supra*, 17 Cal.5th at p. 569 [ordering, out of an abundance of caution, a remand with directions for the trial court to consider an amended petition should the defendant file one within 30 days of remand].)  The People do not oppose Smith's request.  Because Smith did not have the benefit of *Patton* when he filed his resentencing petition, we remand the case to allow him the opportunity to file an amended petition with nonconclusory allegations showing he is eligible for relief under section 1172.6.

## DISPOSITION

The order denying Smith's resentencing petition is affirmed.  We remand the matter with instructions for the trial court to consider any amended resentencing petition Smith files within 30 days of remand.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

WILEY, J.